```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
STATE FARM FIRE AND CASUALTY
COMPANY,

                        Plaintiff,

     -against-                                      REPORT AND
                                                    RECOMMENDATION

CUSTOM FLOORS R US, INC.,                           CV 05-1297 (JS) (ETB)


                        Defendant.
-----------------------------------------------------------------------x
```

TO THE HONORABLE JOANNA SEYBERT, UNITED STATES DISTRICT JUDGE:

By order dated June 29, 2005, entered at the initial conference in this action, I directed the parties to proceed by letter motion with respect to a jurisdiction issue raised by the defendant in this diversity action. The defendant, Custom Floors R Us, Inc. ("Custom Floors"), argues that this Court should not exercise jurisdiction over this matter because there is no complete diversity between the parties in this action. The plaintiff, State Farm Fire and Casualty Company ("State Farm") is a citizen of Illinois, and both the insureds (the Flemings) and the defendant (Custom Floors) are citizens of New York.

Defendant maintains that it is the citizenship of the insured, as subrogor, rather than the citizenship of the plaintiff insurer, as subrogee, which is determinative of diversity under 28 U.S.C. § 1332. Plaintiff State Farm disputes the defendant's characterization of the action, and argues that it has properly invoked the jurisdiction of the federal court by way of the diversity statute. Each party has submitted a three-page letter brief on the issue. For the reasons set forth

1

below, I recommend that the defendant's motion to dismiss for lack of diversity jurisdiction should be denied.

## BACKGROUND

On March 10, 2005, State Farm, as a subrogee of Christopher and Constance Fleming (the "Flemings" or "insureds"), filed the complaint in this negligence and breach of contract cause of action. State Farm paid the Flemings in excess of $300,000 in connection with a fire at their house on December 17, 2004, and brings this action as subrogee to recover this amount. Plaintiff alleges in its complaint that the fire was caused by the combustible sources and flammable materials left by the defendant, Custom Floors, in the Flemings' home after the defendant performed floor repairs at the home.

## DISCUSSION

Under 28 U.S.C. § 1322, diversity jurisdiction exists between "citizens of a state and citizens or subjects of a foreign state," provided that the amount in controversy exceeds $75,000.00. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). The Supreme Court has established "that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." Navarro Savings Ass'n v. Lee, 446 U.S. 458, 460, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980) (citing McNutt v. Bland, 2 How. 9, 15, 11 L. Ed. 159 (1844)). Similarly, Federal Rule of Civil Procedure 17(a) provides that every action must be prosecuted by the "real party in interest." Rule 17(a), Fed. R. Civ. P. While the Court in Navarro acknowledged that Rule 17 and Section 1332 serve different purposes and may produce different outcomes, the Court stated that "[t]here is a 'rough symmetry' between the 'real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy." Navarro, 446 U.S. at 462 n.9.

In insurance cases, the Supreme Court and the Second Circuit Court of Appeals have held that the insurer/subrogee is the real party in interest when there has been a complete subrogation of the insured's rights to the insurer. The Supreme Court so stated in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S. Ct. 207, 94 L.Ed. 171 (1949). Although the facts of Aetna differ somewhat from those presently before this Court, the Court in Aetna discussed the requirements of Rule 17(a) in the context of subrogation, stating:

> Rule 17(a) of the Federal Rules of Civil Procedure, 18 U.S.C.A. . . . provides that 'Every action shall be prosecuted in the name of the real party in interest,' and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. (Citing 3 Moore, Federal Practice (2d Ed.), p. 1339).

Id. at 380. The Court went on to note that where the insurer has only partially subrogated the insured's loss, either party– the insurer or the insured– may sue. Id. at 381. See also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80-81 (2d Cir. 2005) (discussing diversity in the context of subrogation claims); Brocklesby Transport v. Eastern States Escort Services, 904 F.2d 131, 133 (2d Cir. 1990) ("Under federal law, if an insurer has compensated an insured for an entire loss, the insurer is the only real party-in-interest and must sue in its own name; however, if the insured is only partially compensated by the insurer, both the insurer and the insured are real parties-in-interest.").

Accordingly, here the subrogee State Farm is the real party in interest. State Farm is a citizen of Illinois, and the defendant, Custom Floors is a citizen of New York. Diversity jurisdiction therefore exists between both real parties in interest, despite the fact that the insureds, who are not real parties to this action, are also citizens of New York. See, e.g., Continental

Casualty Co. v. Ohio Edison Co., 126 F.2d 423, 425-26 (6th Cir. 1942) ("[T]he right of appellant, a citizen of Indiana, to sue appellee, a citizen of Ohio, in a Federal district court in Ohio, despite the fact that appellant's insured is a citizen of Ohio, is clear beyond cavil. One subrogated to the rights of another may stand in the Federal Courts upon his own citizenship, regardless of the citizenship of the person to whose rights he is subrogated."); Staples v. Central Surety & Ins. Corp., 62 F.2d 650, 652 (10th Cir. 1932) (holding that subrogee could bring suit in federal court to collect from the tortfeasor the amount the subrogee paid to its insured, even though tortfeasor and insured were citizens of the same state).

The defendant here relies on two cases to support its argument that no diversity jurisdiction exists; however, neither case is on point. In Harleysville Worcester Ins. Co. v. Hurwitz, 02 Civ. 7612, 2005 U.S. Dist. LEXIS 5721 (S.D.N.Y. April 4, 2005), diversity jurisdiction was not at issue. The court stated clearly that "[t]his court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because plaintiff, Harleysville Worcester Insurance Company, is a citizen of Massachusetts and defendants, S&H, are citizens of New York. . . . ." Id. at *6. The court went on to dismiss the subrogation claim as duplicative of the plaintiff's legal malpractice claim, id. at 14, thereby rendering the case even less applicable to the present circumstances, which involve a subrogation claim.

The other case the defendant relies on, Primax Recoveries Inc. v. Carey, 247 F. Supp. 2d 337 (S.D.N.Y. 2002), is an ERISA case in which the court generally discusses the enforcement of subrogation as a potential remedy for the plaintiff. Id. at 344. The court only discusses subrogation hypothetically ("If Primax exercises its subrogation rights by intervention in Carey's state-court action. . ."), and significantly, does not at all discuss the issue of diversity jurisdiction.

Apart from these two cases, of little applicability to the present facts, the defendant does not offer any additional support for its position.

## CONCLUSION

The plaintiff has properly invoked the federal court's diversity jurisdiction, and defendant's claim of no jurisdiction based on the absence of diversity is without merit and should be denied.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Plaintiff's counsel is directed to serve a copy of this report on all parties upon receipt.

SO ORDERED.

Dated: Central Islip, New York
September 9, 2005

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge